**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEPHEN CRAIG BURNETT,

      Plaintiff-Appellant,

v.

JUSTIN JONES, Director; JOSEPH
TAYLOR, Warden,

      Defendants-Appellees.

No. 11-6093
(D.C. No. 5:10-CV-00470-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Plaintiff Stephen Craig Burnett, a state prisoner proceeding pro se, appeals

from the district court's order dismissing his civil-rights complaint and denying

his motion to add a defendant. The magistrate judge assigned to the case issued a

report and recommendation in which he concluded that Mr. Burnett's claims

against Joseph Taylor, the warden at the Cimarron Correctional Facility

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(Cimarron) were moot and should be dismissed without prejudice. As to Justin Jones, the director of the Oklahoma Department of Corrections, the magistrate judge found that even if the claims against him were not moot, those claims should be dismissed with prejudice because the complaint failed to state any claims upon which relief could be granted and it would be futile to amend. Last, the magistrate judge denied Mr. Burnett's motion to add Robert Ezell, the warden at the Davis Correctional Facility (Davis), as a defendant. The district court adopted the report and recommendation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

Mr. Burnett was confined at Cimarron when on April 8, 2010, Mr. Taylor ordered a facility-wide lockdown due to wide-spread gang activity. On May 7, Mr. Burnett filed suit for declaratory and injunctive relief under 42 U.S.C. § 1983 against Messrs. Taylor and Jones. Normal operations at Cimarron resumed on May 28.

The linchpin of Mr. Burnett's suit was not whether prison officials had the authority to impose a lockdown, but instead whether the restrictions imposed during the lockdown so altered the conditions of his confinement as to violate his constitutional rights: "Plaintiff's central claim . . . is that he was subjected to unconstitutional conditions of confinement while being on lockdown(s). It is the conditions of confinement during lockdown that is the issue, not the fact of being on lockdown itself." Aplt. Reply Br. at 2. In particular, he cited restricted

showering, telephone use, inmate interaction, exercise, and visitation. He also complained that he was served brown bag meals more frequently and had to eat in his cell. In addition to not having access to the ice machine and microwave oven, he alleged that normal medium security activities such as rehabilitation programs, education classes, library use, and organized religious activities were suspended. In September 2010, while his suit was pending, Mr. Burnett was transferred to Davis.

Shortly after the transfer, Mr. Ezell placed Davis on a thirteen-day lockdown. Several months after the first lockdown at Davis had ended, Mr. Burnett sought to add Mr. Ezell as a defendant "in that the same situation regarding prison lockdowns [that existed at Cimarron] exists at the Davis Correctional Facility." Aplt. App. at 390. In his motion, Mr. Burnett did not question the authority of the warden or the department of corrections to institute a lockdown, but simply the resulting conditions of confinement: "Plaintiff is not complaining about being locked down . . . [which is a] normal situation[]. Plaintiff is, however, raising the same complaint as he raised already in this case regarding the overly harsh, punitive conditions of confinement and the duration of his being locked down." *Id.* Mr. Burnett's motion listed the same deprivations he experienced at Cimarron as discussed above.[1]

---

[1] Following the filing of his motion to add Mr. Ezell as a defendant, Mr. Burnett notified the district court of two other lockdowns at Davis.

The magistrate judge concluded that Mr. Burnett's claims for declaratory and injunctive relief were moot for two reasons: (1) the lockdown at Cimarron had ended; and (2) Mr. Burnett had been transferred to another facility. The magistrate judge also concluded that even if Mr. Burnett's claims against Mr. Jones "were construed to come within the exceptions to mootness, such claims should be dismissed because the allegations in the complaint fail to state a claim against him." *Id*. at 415. He also denied Mr. Burnett's motion to add Mr. Ezell as a defendant.

We agree with the magistrate judge that Mr. Burnett's claims against Mr. Taylor are moot. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding that claims for injunctive and declaratory relief are moot where the prisoner has been transferred and is no longer subject to the conditions of confinement on which his claims are based). We also conclude that Mr. Burnett's claims against Mr. Jones are moot, but for a slightly different reason. We acknowledge that "where a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system, courts have been disinclined to conclude that the prisoner's declaratory or injunctive claims are moot, even after he has been transferred to another prison in that system." *Jordan v. Sosa*, 654 F.3d 1012, 1028 (10th Cir. 2011). And we also recognize that Mr. Jones, the director, was named as a defendant. However, Mr. Burnett has not pled or argued the existence of any policies that impose any particular restrictions

during a lockdown, including the duration of any such action.  As such, his claims against Mr. Jones are moot because they do not concern any policy that applies in a generally uniform fashion throughout the Oklahoma prison system.  Because we affirm on the grounds of mootness, we do not reach the merits of the claim. Moreover, once a case becomes moot, "the federal court must dismiss the action for want of jurisdiction." *Jordan*, 654 F.3d at 1023 (quotation marks omitted). And "[i]t is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal of the [] claim must be without prejudice." *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973). Accordingly, Mr. Burnett's claims against Mr. Jones should have been dismissed without prejudice.

Last, we agree that the magistrate judge properly denied Mr. Burnett's motion to add Mr. Ezell as a defendant for substantially the same reasons explained by the magistrate judge in his report and recommendation, i.e., the failure to allege the sort of atypical and significant hardship necessary to trigger due process protections, citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Estate of DiMarco v. Wyoming Dep't of Corrections, Div. of Prisons*, 473 F.3d 1334, 1339 (10th Cir. 2007).

The judgment of the district court is therefore AFFIRMED in part and REVERSED and REMANDED in part, with directions to district court to dismiss Mr. Burnett's claims against Mr. Jones without prejudice.  We GRANT

Mr. Burnett's motion for leave to proceed on appeal without prepayment of costs or fees and remind him that he must make partial payments until the entire appellate filing fee is paid in full.  We DENY Mr. Burnett's Motion For Leave To Supplement Appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge